## SUPREME COURT.

GEORGE P. SHELDON, as receiver, &c., agt. THOMAS SAENZ *et al.*

*Sheriff's sale of land under execution — When sale will be set aside — Resale.*

Though the court will not set aside a sale of land on execution, and order a resale, because plaintiff's agent bid less for it than he was instructed to bid by his principal, yet where the purchase at the sale is by the plaintiff, who is a receiver appointed by the court, charged with the duty of applying the property of the debtor to the payment of his debts, and the purchase is made for the receiver's individual benefit, the court will not tolerate such act on his part.

*Special Term, September*, 1880.

MOTION in behalf of the plaintiff to be relieved from his bid at sheriff's sale under execution. Also motion in behalf of M. F. De Casio, a judgment creditor, to compel the plaintiff to complete the sale.

MACOMBER, *J.* — The case of *Vandenburgh* agt. *Briggs* (7 *Cowen*, 367) clearly decides that the court will not set aside a sale of land on an execution, and order a resale, on the ground that plaintiff's agent bid less for it than he was instructed to bid for it by his principal. The reason is stated to be that junior judgment creditors may have acquired by

Sheldon agt. Saenz *et al.*

the sale the right to redeem, of which they cannot be deprived. The judgment creditor, De Casio, seems to be in a position where he is entitled to the protection afforded by the principle declared in that case, provided the real parties in interest, represented in this case by plaintiff as receiver, are bound by the act of the receiver. For the purposes of this motion, I assume that Mr. De Casio is a subsequent judgment creditor, and as such is entitled to redeem the lands from the sale in this action. I ought, perhaps, also to say that I feel bound by the authority already cited, and that I leave it to a court of higher jurisdiction to question or to deny its soundness. There is, however, in my judgment, a good reason why the court should not allow this sale to be completed. The plaintiff is the receiver of the firm of C. H. Marganita & Co., the members of which were the original parties plaintiff in this action, and received such appointment from the court in the month of August, 1879. He became thereupon charged with the duty of applying the property of C. H. Marganita & Co. to the payment and discharge of their debts, and to the return of the overplus, if any, to the debtors. He became the hand of the court for this purpose. He had not the right to purchase at the sale for his own benefit, nor will the court tolerate such act on his part, which, whether so intended or not, would work detriment to his trust. Yet it is clearly established on this motion, by the affidavit of the receiver himself, corroborated by the deputy sheriff and others, that upon the sale he bought the premises in his individual name and for his personal benefit. Nevertheless, he seems to be wholly unconscious of having committed any impropriety. The act, I apprehend, cannot be upheld by the court. I must also hold that the junior judgment creditor is presumed to know that such purchase was irregular, and that it could not properly be recognized by the court, and that the rights claimed by him as such junior creditor are subordinate to the power and duty of the court to see to it that its agents do not bring its decrees into disrepute.

Had the plaintiff, as receiver, asked to be relieved of his bid because of unintentional and innocent violation of duty, I should grant the application, without costs. But, while I acquit him of any actual intent to enrich or benefit himself, I think I ought, under the circumstances, to impose costs to be paid by the receiver personally. The motion in behalf of the plaintiff is granted, with ten dollars costs of opposing it, to be paid by the receiver personally. The motion in behalf of Mr. De Casio is denied, without costs.